<hr />

C. R. BEAL v. ALFRED SHARP.

**Code of 1880, Section 460, Treasurer's Commissions Under.**
Section 460 of the Code of 1880 fixes the county treasurer's commissions at two and a half per centum on sums received. He is not entitled, under this section, to commissions on money collected by the sheriff the last month of his term not paid over to him but paid to his successor after he has qualified.[1]

**Declaration — Demurrer, Proper Judgment when Sustained.**
When a declaration, on its face, shows no cause of action and there is no application to amend after a demurrer to it has been sustained judgment should be rendered for defendant.[2]

Appellant, Beal, brought this suit in a justice of the peace court against appellee, Sharp, to recover the sum of $123. From a verdict and judgment for plaintiff defendant appealed to the Cir-

[1]
A county treasurer's commissions should be estimated on the basis of the political year, beginning the 1st of January and ending the 31st of December, and not on the basis of the fiscal year, beginning the 1st of October and ending the 30th of September. Adams v. Coker, 85 Miss. 222, 37 So. 744.

[2]
If plaintiff does not, during the term, obtain leave to amend, a judgment sustaining a demurrer to a declaration, though not expressing that the action is dismissed, is final and may be appealed from. Jacobs v. Insurance Co., 71 Miss. 656, 15 So. 639.

cuit Court. Plaintiff began his action on an account and declaration. The declaration avers that plaintiff was treasurer of Lawrence county for the term ending on the first Monday of January, 1884, and the defendant succeeded him in office; that the sheriff of the county collected $4,946.69 county taxes in the month of December, 1883, but failed to pay it over to plaintiff and paid it over to defendant after he went into office; that the treasurer's commissions on it was $123, which plaintiff was entitled to receive and for which he sues.

Defendant demurred to this declaration, assigning the following cause: The facts stated show that plaintiff never received, kept, or paid out the funds and, therefore, he was not entitled to the commissions sued for and the tax collector had no authority to pay plaintiff or any one for him, at the time the money was paid, and it was defendant's duty to receive and keep the commissions. The demurrer was sustained. There was no application to amend and final judgment was rendered for defendant. Plaintiff appeals.

APPEALED from Circuit Court, Lawrence county, A. G. MAYERS, Judge.

Affirmed, March 1, 1886.

*Attorney for appellant, A. H. Longino.*

*Attorney for appellee, R. H. Thompson.*

Brief of A. H. Longino:

The action for money had and received is in the nature of a bill in equity and equal and exact justice should be done by it. Rawlings *v.* Poindexter, 14 S. & M. 66.

Apply the doctrine to the case at bar, and the demurrer should have been overruled. * * *

Simply because appellee " received," in the language of the statute, said December collection of taxes, it will not do to say he was entitled to the treasurer's commissions thereon; for such construction is clearly contrary to the intendment of the statute.

If the tax collector had made his settlement with the treasurer (as the law *commanded* him to do), on the 1st day of January, 1884, of course appellant would have been entitled to, and have received the commissions claimed. The law, then, presumes that the tax collector discharged his duty, and did that which it said he should have done in the premises, and hence, by intendment of the statute, appellant is entitled to the commissions claimed; and that it was not intended by the statute that appellee should have said commissions is clear from section 460 of the Code, which says the treasurer shall receive $2\frac{1}{2}$ per cent. on all money received by him for county purposes, " except what he may receive from his predecessor in office."

When appellee received said commissions, he did so for the use and benefit of appellant. And the action for money had and received will lie in all cases where the defendant has come into possession of plaintiff's property by permission of law. Glass *v.* Lobdell, 1 Walk. 107.   *   *   *

Brief of R. H. Thompson:

*   *   *   While no declaration in the cause was necessary, yet the plaintiff, having elected to file one, must stand or fall by it. If he elects to plead in writing he must file good pleadings.

Regard it as you may, the declaration is the plaintiff's own elected written statement of his cause of action, and the defendant was entitled to invoke the judgment of the court as to its legal sufficiency.   *   *   *

The demurrer is because " the facts stated show that plaintiff never received, kept, or paid out the said county funds and that he was and is not entitled to the commissions sued for, and because the tax collector had no authority to pay plaintiff or any one for him (at time money was paid to defendant) and it was defendant's duty to receive and keep the county's funds."

Compensation is paid to county treasurers only for receiving, keeping, and disbursing the funds. The treasurer's compensation is fixed by law at $2\frac{1}{2}$ per cent. on sums received (§ 460, Code 1880), provided  *   *   * he does not receive more than $1,000.

The declaration shows that Mr. Beal did not receive the money paid Sharp and, if he did not do so, he was not entitled to commissions on it. His fees are fixed by law. Besides the declaration does not show but that plaintiff had already received $1,000 in the year 1883.   *   *   *

Sharp could not pay the county's money to Beal or any part of it under section 374, Code 1880, except upon a county warrant, or an allowance of a court.

Sharp was himself not entitled to commissions until he settled with the county. He could not say that any particular money was his of said funds.

To maintain this suit would be to interfere with the revenue system of the county and to intermeddle with its official accounts. * * *

OPINION.— ARNOLD, J., delivered the opinion of the court:

The judgment below is correct. The declaration showed no cause of action, and there was no application to amend after the demurrer had been sustained. Appellant was not entitled to recover, because the money on which he claims commissions as county treasurer was not received by him, but was paid after the expiration of his term to his successor in office. Receipt of the money by appellant, during his term of office, was a condition precedent to his right to commissions on the same.

*Affirmed.*